PROGRESSIVE CASUALTY
INSURANCE COMPANY,
Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE COR-
PORATION, as Receiver of Vantus
Bank, Arlene T. Curry, Gary L. Evans,
David M. Roederer, Barry E. Backhaus,
Ronald A. Jorgenson, Charles D. Ter-
louw, Jon G. Cleghorn, Allen J. Johnson,
Michael W. Dosland, and Michael S.
Moderski, Defendants.

No. C12–4041–DEO.

United States District Court,
N.D. Iowa,
Western Division.

July 11, 2012.

Guy R. Cook, Grefe & Sidney, P.L.C., Des Moines, IA, Lewis K. Loss, Matthew J. Dendinger, Thompson, Loss & Judge, LLP, Washington, DC, for Plaintiff.

Andrew Reidy, Geoffrey Martin Long, Dickstein Shaprio LLP, Washington, DC, Richard J. Kirschman, Whitfield & Eddy, PLC, William John Miller, David A. Tank, Megan Flynn, Dorsey & Whitney, LLP, Des Moines, IA, Daniel L. Hartnett, Crary, Huff, Ringgenberg, Hartnett & Storm, P.C., Sioux City, IA, for Defendants.

### ORDER ON DEFENDANT FDIC'S MOTION FOR EARLY DISCOVERY

Leonard T. Strand, United States Magistrate Judge.

This matter is before the court on defendant Federal Deposit Insurance Corporation's ("FDIC") June 8, 2012 motion for early discovery under Federal Rule of Civil Procedure 26(d)(1) (Doc. No. 10). Plaintiff Progressive Casualty Insurance (Progressive) filed a response on June 25, 2012. (Doc. No. 16). On July 9, 2012, the court held a telephonic hearing on the motion. Matthew Dendinger and Guy Cook appeared on behalf of the plaintiff. Richard Kirschman and Andrew Reidy appeared on behalf of defendant FDIC. David Tank, Bill Miller, and Dan Hartnett appeared on behalf of the directors and officers defendants. The matter is now fully submitted.

### I. RELEVANT FACTS

On April 25, 2012, Progressive filed a declaratory judgment action seeking a ruling that there is no coverage pursuant to a "Director's & Officer's/Company Liability Insurance Policy for Financial Institutions" for claims by the FDIC, as receiver of Vantus Bank. (Doc. No. 2). Since April 2011, Pro-

gressive has filed similar declaratory judgment actions in federal district courts in Nevada, Michigan, California, Florida, and Georgia. FDIC alleges it has not been able to conduct discovery in any of the pending actions. In two of the pending actions, *Progressive Cas. Ins. Co. v. FDIC as Receiver of Michigan Heritage Bank, and Timothy J. Cuttle,* Case No. 2:11–cv14816–SFC–MAR (E.D.Mich.) and *Progressive Cas. Ins. Co. v. Jackie K. Delaney, et al.,* Case No. 2:11–cv–00678–LRH–PAL (D.C.Nev.), Progressive filed motions for summary judgment prior to the time FDIC and/or directors and officers were permitted to conduct discovery. In both cases, FDIC has filed motions pursuant to Fed.R.Civ.P. 56(d) to defer decision on the summary judgment motions to allow FDIC to conduct discovery. Both of those Rule 56(d) motions are pending.

Anticipating a summary judgment motion by Progressive before the scheduling conference in this case, FDIC seeks early discovery pursuant to Fed.R.Civ.P. 26(d)(1). Progressive argues the circumstances do not warrant early discovery under 26(d)(1) and it emphasizes the other available procedures to address FDIC's concerns, such as a request to delay consideration of a dispositive motion pursuant to Fed.R.Civ.P. 56(d). In addition, Progressive has represented to FDIC that it will not file a dispositive motion before the parties' Rule 26(f) conference.

## II. DISCUSSION

Rule 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Courts apply either a "good cause" standard or a preliminary injunction standard to evaluate a request for early discovery under Fed.R.Civ.P. 26(d)(1). *Monsanto Co. v. Woods,* 250 F.R.D. 411, 413 (E.D.Mo.2008). The Eighth Circuit has not expressly adopted either standard. *Cook v. Williams,* No. 4:09–CV–1375 CAS, 2009 WL 3246877, at *1 (E.D.Mo. Oct. 6, 2009). A majority of courts use the good cause standard, including other federal

district courts within the Eighth Circuit. FDIC encourages the court to analyze the motion under the more permissive good cause standard, and Progressive responds to FDIC's motion using this standard. The court will proceed under the good cause standard.

■ Under this standard, "the party requesting expedited discovery must show that the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to [the] responding party." *Monsanto Co.,* 250 F.R.D. at 413. The court will examine the entirety of the record to date and the reasonableness of the request in light of surrounding circumstances. *Merrill Lynch, Pierce, Fenner, & Smith, Inc. v. O'Connor,* 194 F.R.D. 618, 624 (N.D.Ill.2000). "Expedited discovery is not the norm." *Id.* at 623. Good cause has been found where there is a dying witness, *Cook,* 2009 WL 3246877, at *1, or where a plaintiff needed to collect seed samples in a patent infringement action before the crop could be destroyed. *Monsanto Co.,* 250 F.R.D. at 412. In both of these cases, the scope of the expedited discovery was very limited. *See St. Louis Group, Inc. v. Metals and Additives Corp.,* 275 F.R.D. 236, 240 (S.D.Tex.2011) (stating the subject matter of the discovery "should be narrowly tailored in scope."); *see also Bug Juice Brands, Inc. v. Great Lakes Bottling Co.,* No. 1:10–cv–229, 2010 WL 1418032, at *1 (W.D.Mich. April 6, 2010) (denying expedited discovery because plaintiffs broadly sought after any and all information necessary for them to establish their cause of action).

Here, defendant FDIC seeks early discovery relating to written or verbal representations by Progressive about the scope and operation of the policy coverage exclusions. FDIC does not allege these materials are at risk of destruction, nor does it demonstrate any other pressing need for this evidence. FDIC merely states that expedited discovery is necessary to defend against Progressive's claims and states it needs this material prior to resisting Progressive's anticipated (but not yet filed) motion for summary judgment.

558

The court finds there is not good cause to warrant early discovery under these circumstances. FDIC has not demonstrated a sufficient basis for early discovery, and even if it had, its request is overly broad. Furthermore, there are procedures in place to adequately address FDIC's concerns. In particular, Fed.R.Civ.P. 56(d) provides that upon the filing of a motion for summary judgment, "if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

Based on the foregoing, defendant FDIC's motion for early discovery pursuant to Fed.R.Civ.P. 26(d)(1) (Doc. No. 10) is **denied.**